**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKY L. TOWNSEND,<br><br>             Plaintiff,<br><br>    v.<br><br>SAN BERNARDINO CNTY.<br>SHERIFFS DEP'T et al.,<br><br>             Defendants. | Case No. EDCV 22-0525-VBF (JPR)<br><br>ORDER TO SHOW CAUSE RE DISMISSAL<br>FOR FAILURE TO PAY INITIAL<br>PARTIAL FILING FEE |

    On March 31, 2022, Plaintiff was granted permission under 28 U.S.C. § 1915(b)(1) to file the above-referenced action without immediately paying the full filing fee of $350, but he was ordered to pay an initial partial filing fee, in the amount of $1.80, within 30 days to the Clerk of Court. To date, the payment has not been received.

    Under the Prison Litigation Reform Act, all prisoners who are granted in forma pauperis status to file a civil-rights action must nonetheless pay the full amount of the filing fee. See id. For prisoners unable to pay the filing fee at the time of filing, the statute provides for the assessment and, "when funds exist," the collection of an initial fee equal to 20 percent of the greater of the prisoner's average monthly account

balance or monthly deposits for the "6-month period immediately preceding the filing of the complaint or notice of appeal." Id. After payment of the initial fee, the prisoner must make monthly payments equal to 20 percent of the preceding month's income credited to the account, to be forwarded when the prisoner's account balance exceeds $10. § 1915(b)(2). Under the PLRA's "safety-valve" provision, a prisoner cannot "be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4).

Under the safety-valve provision, a court may not dismiss the lawsuit of a prisoner whose funds become depleted after the initial partial filing fee is assessed and who can no longer pay. See Taylor v. Delatoore, 281 F.3d 844, 850-51 (9th Cir. 2002). In all other circumstances, however, a court may dismiss a prisoner's civil-rights action for failure to pay the initial partial filing fee (or indeed any portion of the full fee). See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (upholding dismissal of action for failure to pay initial partial filing fee when prisoner had enough money to buy "name brand toiletries" and snacks).

On June 3, 2022, Plaintiff attached a new IFP request to his First Amended Complaint. But he has already been granted IFP status. That request, moreover, doesn't explain why he hasn't paid the initial partial filing fee. Nor does it contain a new prison-trust-account statement or a certificate by an authorized

officer stating how much money he has in his account.[1]  Thus, it cannot explain or excuse Plaintiff's delinquency.  Plaintiff has violated § 1915(b)(1) and is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed for his failure to timely pay the initial partial filing fee.

    Plaintiff must file a response to this Order to Show Cause no later than 30 days from the date of this Order.  Failure to do so may result in dismissal of this action.  If the initial partial filing fee is received by the Court within the 30-day period, no further response to this Order to Show Cause is necessary.  If Plaintiff claims that he no longer has the funds in his prison account to pay the initial partial filing fee, he must submit an updated copy of his prison trust statement showing his deposits, withdrawals, and balance for the past six months.

DATED: June 28, 2022

*/s/ Jean Rosenbluth*
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[1] It shows that in March of this year, Plaintiff requested a printout of his trust account for the prior six months. (FAC at 11 (the Court uses the pagination generated by its Case Management/Electronic Case Filing system).) He received a response that they are issued quarterly. (Id.)  Thus, Plaintiff should have a new statement by now.